UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHANIEL LEAL,

    Plaintiff,

V.                                      Civil Action No. 4:23-cv-999-P

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

    Defendant.

## OPINION and ORDER

This case was filed by pro se plaintiff Nathaniel Leal, naming as defendant and asserting claims only against the Texas Department of Criminal Justice ("TDCJ"). Compl.1-8, ECF No. 1. Now pending is a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by defendant TDCJ. ECF No. 14. Though more than sufficient time has passed, plaintiff Leal has not filed any response to the motion to dismiss. After considering the relief sought by Leal, the pleadings, record, briefing and applicable law, the Court finds that the motion to dismiss must be **GRANTED**.

**I.    BACKGROUND**

Plaintiff Leal is a parolee under the supervision of TDCJ. Compl. 1, ECF No. 1. Proceeding pro se, Leal brings this lawsuit against TDCJ pursuant to 42 U.S.C. § 1983, alleging numerous constitutional violations. *See generally*, Pet. 2-8, ECF. No. 1. Leal's claims arise from his parole officer's issuance of a blue warrant for his arrest after Leal refused to submit to treatment at Clover House in Odessa, Texas. *Id.* at 3-5. Leal does not specify the form of relief he seeks. *See generally, Id.* TDCJ now moves to dismiss Leal's claims against it for lack subject matter jurisdiction.

**II.    MOTION TO DISMISS**

    **A.    Law Applicable to Motions under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when

a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal courts must resolve questions of jurisdiction before proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n. 6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quotation and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

### B. Eleventh Amendment Immunity

In seeking dismissal of plaintiff Leal's claims, the Texas Department of Criminal Justice asserts a claim of Eleventh Amendment immunity from suit. The Court finds that the TDCJ is not amenable to suit, as explained below.

The Supreme Court has long interpreted that Eleventh Amendment as a recognition of the States' constitutional sovereign immunity *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 596 n.1 (5th Cir. 2021) ("[T]he Supreme Court has often used 'Eleventh Amendment immunity' as a synonym for the States' broader constitutional sovereign immunity."); *see also Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991) (noting that the Eleventh Amendment stands for the proposition that the sovereignty of the States remained intact when they entered the federal system). Under the doctrine of Eleventh Amendment immunity, federal courts lack subject matter jurisdiction over suits brought against a State unless the State has waived its immunity or Congress has abrogated that immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see Aguilar v.*

*Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (recognizing that Congress did not abrogate the States' sovereign immunity with respect § 1983 claims, nor did the State of Texas waive its immunity for such claims).

This jurisdictional bar to suit extends beyond causes of action brought against the State itself, also encompassing suits against the agencies of the State. *Vogt v. Bd. of Comm'rs of the Orleans Levee District*, 294 F3d 684, 688–89 (5th Cir. 2002). Moreover, it is well established that the Eleventh Amendment bars suit against a state agency in federal court, regardless of the relief sought. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. Sovereign immunity under the Eleventh Amendment is applicable unless the State has expressly waived such protection. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).

When considering a motion to dismiss, the Court must accept Plaintiff's factual allegations as true and must construe the complaint in the light most favorable to the plaintiff. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). However, a party seeking to avoid dismissal "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although the dismissal of a complaint on a motion to dismiss for failure to state a claim is generally disfavored, the Court should exercise its power to dismiss if the pleadings lack an allegation regarding an element required to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citations omitted).

In the instant case, plaintiff Leal has set forth no facts that could demonstrate that TDCJ is not entitled to sovereign immunity. Therefore, defendant TDCJ is entitled to dismissal of Leal's claims.

### III.  CONCLUSION AND ORDER

For all of the above and foregoing reasons,

It is therefore **ORDERED** that Defendant's motion to dismiss

under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 14) is **GRANTED**, such that all Plaintiff's claims against the Texas department of Criminal Justice are **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this **1st day** of **March 2024.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATED DISTRICT JUDGE